UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL E. JACKSON,<br><br>                Plaintiffs,<br><br>  v.<br><br>CITY OF TWIN FALLS; TWIN FALLS COUNTY; IDAHO DEPARTMENT OF CORRECTION; and STATE OF IDAHO,<br><br>                Defendants. | Case No. 1:20-cv-00485-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Michael E. Jackson's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request.[1] The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

1.  **Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as

---

[1] Plaintiff originally filed this action along with a co-plaintiff, Jason Harmon. Harmon's claims have been severed into a separate pending action. *See* Dkt. 11; *see also Harmon v. City of Twin Falls*, 1:20-cv-00525-BLW (D. Idaho).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

2.  **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). And, a court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim.[2]

---

[2] Therefore, in its review under §§ 1915 and 1915A, the Court has reviewed only the Complaint found at Dkt. No. 1, not the affidavit attached to the Complaint or other documents submitted in support of the

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

3. **Factual Allegations**

Plaintiff is a pretrial detainee in the custody of the Twin Falls County Jail. *See* Dkt. 1-1. Plaintiff claims that he is at substantial risk of coronavirus infection because he is in the high-risk category. Plaintiff has serious heart problems, as well as Hepatitis-C. *Compl.*, Dkt. 1, at 3. Plaintiff asserts generally that inmates in jails and prisons are especially vulnerable to the pandemic. *Id.* at 5. However, the Complaint does not provide any specific allegations about Plaintiff's medical treatment, about the conditions in the Twin Falls County Jail that have allegedly created an unsafe environment, or about the response to the pandemic undertaken by jail officials.

4. **Discussion**

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 60 days to amend the Complaint. Any amended complaint should take into consideration the following.

   A. *Legal Standards Governing Plaintiff's Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or

---

Complaint. *See* General Order 342, *In Re: Procedural Rules for Prisoner Civil Case Filings and for Prisoner E-Filing Program*, § A(1)(b)-(c) ("No exhibits may be attached to a complaint or any type of amended complaint, except those showing exhaustion of administrative remedies[,] [and] [n]o affidavits may be attached to a complaint or any type of amended complaint.").

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Plaintiff has not sued any individual Defendants, only governmental entities. To bring a § 1983 claim against a local governmental entity, such as Twin Falls County or the City of Twin Falls, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–168 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

If Plaintiff decides to name an individual in an amended complaint, he should be aware that governmental officials or jail medical providers generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) "set[] in motion a series of acts by others"; (2) "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failed to act or improperly acted in the training, supervision, or control of his subordinates"; (4) "acquiesc[ed] in the constitutional deprivation"; or (5) engag[ed] in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09. A plaintiff may also seek injunctive relief from officials who have direct responsibility in the area in which the plaintiff seeks relief. *See Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999).

Plaintiff asserts that he is at an increased risk from COVID-19 and that, therefore, the conditions of his detention create a substantial risk of serious harm. Because Plaintiff is a pretrial detainee, his claims of unconstitutional conditions of confinement are analyzed under the Due Process Clause of the Fourteenth Amendment, which guarantees pretrial detainees the right to be free from conditions of detention that amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).[3]

A pretrial detainee asserting unconstitutional conditions of detention, such as physically unsafe conditions or inadequate medical treatment, must plausibly allege "objective deliberate indifference" on the part of the defendants. *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). Under that standard, a detainee must satisfy the following four elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." *Id.* (internal quotation marks and alteration omitted).

---

[3] Plaintiff's claims under the Due Process Clause of the Fifth Amendment are implausible because that clause applies only to the federal government, not to states or local governmental entities. Also, Plaintiff's Eighth Amendment claims are implausible because that amendment applies to convicted inmates, not to pretrial detainees.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

Although courts use an objective standard in evaluating conditions-of-confinement claims asserted by pretrial detainees, this standard must not be confused with the objective standard used for evaluating negligence claims under state law. This is because negligence—the "mere lack of due care" by a governmental official—"does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc); *see also Daniels*, 474 U.S. at 332. Therefore, a pretrial detainee complaining of unconstitutional conditions of detention must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 833 F.3d at 1071.

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

### B. Claims Against the Idaho Department of Correction ("IDOC") and the State of Idaho

Plaintiff complains of county jail conditions, not state prison conditions. Therefore, it is unclear why Plaintiff has named the State of Idaho or the IDOC as Defendants, and Plaintiff's claims against those Defendants are implausible.

In addition, the Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state or state entity absent a waiver of state sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); *Pennhurst State Sch. & Hosp. v.*

*Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not constitute such a waiver, nor has the State of Idaho itself waived its sovereign immunity from constitutional claims. *Quern v. Jordan*, 440 U.S. 332, 342–44 (1979); *Esquibel v. Idaho*, No. 1:11-cv-00606-BLW, 2012 WL 1410105, at *6 (D. Idaho Apr. 23, 2012) (unpublished). Finally, only a "person" may be sued pursuant to 42 U.S.C. § 1983, and a state or state entity is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, the State of Idaho and the IDOC should be omitted from any amended complaint.

### C.  *Claims against the City of Twin Falls and Twin Falls County*

Plaintiff's remaining claims are asserted against the City of Twin Falls and Twin Falls County, Idaho. As with the State of Idaho and the IDOC, it is unclear why Plaintiff has named the City of Twin Falls as a Defendant—given that Plaintiff is challenging the conditions of detention in the county jail.

Nevertheless, the allegations in the Complaint do not support a reasonable inference that a policy or custom of either governmental entity amounts to deliberate indifference, as required by *Monell*. Plaintiff alleges that, as a result of his state of health and the conditions in the jail, he is at a high risk of being infected by the coronavirus. But Plaintiff does not describe any of those jail conditions or provide any other specific facts in support of his claim. Therefore, Plaintiff has not plausibly alleged that the City or County has acted with objective deliberate indifference. *See Gordon*, 888 F.3d at 1124.

**5.     Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular federal constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages

Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "First Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10

notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

### 6.     Plaintiff's "Emergency Writ of Habeas Corpus"

In addition to the § 1983 Complaint, Plaintiff has filed an Emergency Writ of Habeas Corpus in this case and an affidavit in support. *See* Dkt. 14, 17. A district court has the authority to issue a pretrial writ of habeas corpus under § 2241(c)(3) in appropriate cases, *McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003), although a petitioner generally must first exhaust his constitutional claims in state court before filing a § 2241 petition, *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).

However, Plaintiff is advised that he cannot assert, in a single action, both the conditions-of-confinement claims described in the Complaint and habeas corpus claims. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Conversely, a civil rights action under 42 U.S.C. § 1983 is the proper method of challenging, on constitutional grounds, an inmate's conditions of confinement. Release from custody is not an available remedy in a § 1983 action. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Meredith v. Idaho Dep't of Correction*, No. 1:20-cv-00377-BLW, 2020 WL 6536648, at *4 (D. Idaho Nov. 4, 2020) (unpublished)

INITIAL REVIEW ORDER BY SCREENING JUDGE - 11

(prisoner's request that his sentence be reduced to "time served" could not be granted in § 1983 action).

Therefore, the Court will sever Plaintiff's habeas petition into a new, separate action. In that new action and at a later date, the Court will consider whether Plaintiff's request for release is cognizable as a federal habeas claim under § 2241, or whether a claim of unconstitutional conditions of confinement as a result of the pandemic can be asserted only in a civil rights case such as this one—a question on which federal courts have disagreed. *Compare, e.g., Wilson v. Ponce*, 465 F. Supp. 3d 1037, 1039 (C.D. Cal. 2020) ("[T]he relief sought is not legally cognizable as a habeas claim."), *appeal dismissed*, No. 20-55760, 2020 WL 6293689 (9th Cir. Oct. 19, 2020), *with Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) ("Petitioners here … contend that the constitutional violations occurring at [the facility] as a result of the pandemic can be remedied only by release…. Because petitioners seek release from confinement, the heart of habeas corpus, jurisdiction is proper under § 2241.").

## ORDER

IT IS ORDERED:

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 60 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 60 days, this case may be dismissed without further notice. Alternatively, Plaintiff may file a Notice of

Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[4]

2. Because the Complaint fails to state a claim upon which relief may granted, Plaintiff's Motion for Appointment of Special Master, Motion Letter to Presiding Judge, and Motion for Temporary Restraining Order (Dkts. 5, 13, and 15) are DENIED.

3. Plaintiff's request for class certification (contained in the Complaint) is DENIED.

4. The Clerk of Court is directed to sever Plaintiff's request for release under § 2241 by opening a new, separate habeas corpus case. The Clerk will docket Plaintiff's "Emergency Writ of Habeas Corpus" (Dkt. 14), Plaintiff's affidavit in support (Dkt. 17), and a copy of this Order, in that new case. The new case will be assigned to the undersigned judge, and the Clerk of Court will notify Plaintiff of the case number for the new habeas corpus case.

DATED: January 6, 2021

B. Lynn Winmill
U.S. District Court Judge

---

[4] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 13