UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL E. JACKSON,<br><br>Petitioner,<br><br>v.<br><br>CITY OF TWIN FALLS and IDAHO DEPARTMENT OF CORRECTION,<br><br>Respondents. | Case No. 1:21-cv-00013-BLW<br><br>**SUCCESSIVE REVIEW ORDER** |

Twin Falls County Jail inmate Michael E. Jackson ("Petitioner") has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging that the conditions of confinement in the jail in which he is held violate the Eighth Amendment.[1] *See* Dkt. 6 at 1. Specifically, Petitioner alleges that he is at particularly high risk from the COVID-19 pandemic and that the prison has failed to adequately respond to the pandemic.

Petitioner asks that the Court order Respondents to create a "list of high risk inmates for compassionate release." *Id.* at 5. The Court construes this request as seeking release from jail as a remedy for the alleged Eighth Amendment violations.

---

[1] Petitioner filed his initial petition in a pending civil rights case under 42 U.S.C. § 1983. *See Jackson v. City of Twin Falls*, Case No. 1:20-cv-00485-BLW (Dkt. 14) (D. Idaho Dec. 2, 2020). Because civil rights claims and habeas claims may not be brought in the same action, *see Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc), the Court severed the petition into this new, separate action under 28 U.S.C. § 2241. *See* Initial Review Order, Dkt. 5 (Jan. 6, 2021).

SUCCESSIVE REVIEW ORDER - 1

## REVIEW OF AMENDED PETITION

**1.     Standard of Law for Review of § 2241 Petitions**

Federal habeas corpus relief under 28 U.S.C. § 2241 is available to petitioners who show that they are in custody in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2241(c). In its discretion, courts may apply the Rules Governing Section 2254 Cases ("Habeas Rules") to petitions filed under § 2241. *See* Habeas Rule 1(b). Therefore, the Court now reviews the Petition to determine whether it is subject to summary dismissal. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Habeas Rule 4.

**2.     Discussion**

   **A.     *Petitioner's Claim Is Not Cognizable under § 2241***

Petitioner asserts his claim under the Eighth Amendment to the United States Constitution, which protects inmates against cruel and unusual punishment and which is applicable to the States through the Fourteenth Amendment.[2] The Eighth Amendment guarantees inmates the right to minimally adequate conditions of confinement. "[T]he Constitution does not mandate comfortable prisons, and prisons … cannot be free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). However, though prison conditions may be restrictive—even harsh—without violating the Eighth Amendment, prison officials are required to provide prisoners with adequate food, clothing, shelter,

---

[2] Petitioner also cites the Fifth Amendment. However, that amendment is not implicated by the allegations in the amended petition.

SUCCESSIVE REVIEW ORDER - 2

sanitation, medical care, and personal safety. *Id.* at 347; *Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Petitioner claims that the conditions of his confinement in the jail do not adequately protect him from the risk of COVID-19 and that, as a result, the Eighth Amendment requires his release. The threshold question this Court must consider is whether Petitioner's claim is cognizable—that is, whether the Court can even hear the claim—in a habeas corpus proceeding under § 2241.

Claims of unconstitutional conditions of confinement generally are brought under 42 U.S.C. § 1983, the civil rights statute. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (stating that a § 1983 action "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."). That is, if a prisoner challenges the *execution*, rather than the *imposition*, of his sentence and does not challenge the validity of the underlying conviction, § 1983—rather than habeas corpus—is usually the appropriate vehicle. Release from prison generally is not available to remedy unconstitutional conditions of confinement under § 1983 because success on such claims would *not* mean an immediate or speedier release from confinement, but instead an award of monetary damages and/or an order requiring the cessation of unconstitutional activities.[3] *See id*. at 500.

---

[3] In rare circumstances, release can be ordered to remedy unconstitutional prison conditions in a civil rights case under § 1983. However, in accordance with the Prison Litigation Reform Act, such relief is extremely limited and is available only in a situation where (1) a court previously ordered "less intrusive

Conversely, "the essence of habeas corpus is an attack by a person in custody upon the *legality* of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Id.* at 484 (emphasis added); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement.") (internal quotation marks omitted). However, "[s]imply invoking the habeas label is not determinative" of jurisdiction under § 2241, even if a prisoner seeks release from prison. *Alvarez v. Larose*, 445 F. Supp. 3d 861, 865 (S.D. Cal. 2020), *as amended* (June 7, 2020).

If an inmate's constitutional claim "does not lie at the core of habeas corpus," it "may not be brought in habeas corpus but must be brought, if at all," as a civil rights claim under § 1983. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal quotation marks and citations omitted). Whether or not a claim lies at the core of habeas is not always a simple question, however. In some limited circumstances, § 2241 may indeed be available to challenge "unconstitutional restraints during lawful custody"—in other words, unconstitutional conditions of a prisoner's confinement. *Preiser*, 411 U.S. at 499; *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1862–63 (2017) (leaving open the question whether alien detainees challenging "large-scale policy decisions concerning the conditions of confinement imposed ... might be able to challenge their confinement conditions via a petition for a writ of habeas corpus").

---

relief," (2) the defendant has had a reasonable amount of time to institute the less intrusive relief, and (3) the less intrusive relief has failed to cure the constitutional violation. 18 U.S.C. 3626(a)(3)(A).

SUCCESSIVE REVIEW ORDER - 4

"The question of whether prisoner actions asserting violations of their constitutional rights based on the COVID-19 pandemic properly may sound in habeas, versus civil rights, is an open one, with the case law in flux." *William v. Jenkins*, No. CV 21-1456-DMG (GJS), 2021 WL 765567, at *8 (C.D. Cal. Feb. 24, 2021). The U.S. Supreme Court has not yet considered this question, and the Ninth Circuit has thus far declined to answer it. *Id.*; *see Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020) ("We need not reach th[e] issue … because, separately from their habeas petition, Plaintiffs brought a class action complaint for declaratory and injunctive relief seeking to remedy allegedly unconstitutional conditions at [the prison].").

However, at least one circuit court and several district courts have considered the issue. Some of these courts have held that a COVID-19 conditions-of-confinement claim is cognizable as a habeas claim under § 2241 when an inmate seeks release, because the request for release essentially asserts that no conditions of confinement could possibly satisfy the Eighth Amendment. *See, e.g., Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020); *Gutierrez-Lopez v. Figueroa*, 462 F. Supp. 3d 973, 983 (D. Ariz. 2020).

In *Wilson v. Williams*, several federal inmates filed a § 2241 petition "to obtain release from custody to limit their exposure to the COVID-19 virus." 961 F.3d at 832–33. The inmates claimed that release from prison was the only remedy that could cure the constitutional violations. *Id.* at 837–38. Their claim was based on allegedly unconstitutional conditions of confinement, which normally is *not* a challenge to the fact

of a prisoner's confinement and which normally must be brought under § 1983, not in a habeas petition under § 2241.

However, the Sixth Circuit held that habeas jurisdiction was proper. The court rested its decision on the inmates' allegation that "no set of conditions" could possibly be constitutional in light of the dangers of COVID-19. *Id.* at 838. According to the Sixth Circuit, this allegation rendered the claim a challenge to the *fact* of the prisoner's confinement, a claim that sounds in habeas. Therefore, the court determined, "where a petitioner claims that no set of conditions would be constitutionally sufficient[,] the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement." *Id.*; *see also Torres v. Milusnic*, 472 F. Supp. 3d 713, 726 (C.D. Cal. 2020) (Marshall, J.) (holding that petitioners could maintain a § 2241 claim based on prison conditions during the pandemic "[b]ecause Petitioners contend there are no set of conditions of confinement that could be constitutional" and, as a result, "Petitioners challenge the fact of their confinement" rather than simply the conditions of that confinement).

The Court finds the Sixth Circuit's analysis unpersuasive. Merely alleging that no conditions of confinement could possibly satisfy the Eighth Amendment—an allegation which every inmate could throw into any habeas corpus petition—does not magically transform the nature of a conditions-of-confinement claim. *See Uzuegbunam v. Preczewski*, ___ U.S. ___, No. 19-968, slip op. at 1 (Roberts, C.J. dissenting) ("If nominal damages can preserve a live controversy, then federal courts will be required to

give advisory opinions whenever a plaintiff tacks on a request for a dollar."). Claims that prison conditions place inmates at a substantial risk of serious harm from the COVID-19 pandemic are "ultimately premised on the conditions of confinement," *not* on the fact of the conviction or sentence itself. *Wilson v. Ponce*, 465 F. Supp. 3d 1037, 1048 (C.D. Cal. 2020) (Fitzgerald, J.). The Sixth Circuit's reasoning improperly "conflates the nature of relief with the substance of the claim." *Alvarez*, 445 F. Supp. 3d at 866.

In relying on the inmates' no-possible-conditions allegation, the Sixth Circuit's analysis ignores that a variety of orders short of release can bring a prison into Eighth Amendment compliance with respect to the pandemic. Such relief could include transferring inmates to facilities where they can be more socially distant, isolating inmates who are at a higher risk from COVID-19, or perhaps even using lake boats as inmate housing to ensure more space. *See Wilson v. Ponce*, 465 F. Supp. 3d at 1049 ("Petitioners have carefully argued that release is the only remedy; however, relief could be obtained by transferring prisoners, including by such extraordinary measures as recalling the *U.S.N.S. Mercy* from San Diego to serve as a prison ship."). Requesting release as the remedy for unconstitutional prison conditions does not render the substantive conditions-of-confinement claim a challenge to the fact of an inmate's confinement.

Instead, the Court follows the reasoning of cases like *Wilson v. Ponce* and *Alvarez v. Larose* and concludes that the nature of the claim itself—not the relief sought—ultimately determines whether a claim may be asserted in a habeas petition. "[U]nlike a

claim concerning the fact of confinement," a claim that prison officials have not responded adequately to the pandemic "would not exist *but for* [the] current conditions of confinement at [the prison]." *Alvarez*, 445 F. Supp. 3d at 866. Although the relief requested—release from custody—comes "within the ambit of habeas corpus," the substantive claim itself involves the *conditions* of the inmate's confinement. *Macias v. Bradley*, No. CV 20-7114-RGK (PLA), 2020 WL 6681250, at *3 (C.D. Cal. Nov. 10, 2020); *see id.* (noting that challenges to conditions of confinement based on COVID-19 can involve conditions such as "social distancing and facial covering requirements, the adequacy of disinfecting protocols, the size of inmate groups, and the adequacy of air filtration and circulation systems.").

Therefore, this Court holds that challenges to prison conditions based on COVID-19 are not cognizable under 28 U.S.C. § 2241, even if the petitioner requests release and alleges that no set of conditions of confinement could possibly be constitutional. Such a claim must, instead, be brought under 42 U.S.C. § 1983.[4]

The Court recognizes the serious risk that the pandemic poses, particularly in a prison or jail setting. However, an inmate's request for release simply cannot be used to clothe a prison-conditions claim in a habeas cloak. Petitioner's claim, "under any good faith calculus, cannot be characterized" as a claim that lies at the core of habeas corpus. *Alvarez*, 445 F. Supp. 3d at 866; *see Nettles*, 830 F.3d at 931. As such, Petitioner's

---

[4] The Court notes that Petitioner currently has such claims pending in *Jackson v. City of Twin Falls*, Case No. 1:20-cv-00485-BLW (Dkt. 14) (D. Idaho).

request for release based on the risk of COVID-19 in prison is not cognizable in this § 2241 proceeding and must be dismissed.

### B. The All Writs Act Does Not Confer Jurisdiction

Petitioner also invokes jurisdiction under the All Writs Act, 28 U.S.C. § 1651. *See* Dkt. 6 at 1. The All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a). However, that Act does not independently confer jurisdiction. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002). Therefore, the All Writs Act is not a basis for this Court's jurisdiction.

### C. The Named Respondents Are Not Appropriate Parties in this Habeas Case

Even if Petitioner's claim were cognizable under § 2241, Petitioner has not named a proper respondent. Under Habeas Rule 2(a), the proper respondent in a habeas corpus action under 28 U.S.C. § 2254 is the "officer who has custody" of the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (stating that a petitioner challenging his present physical confinement must name as respondent "the warden of the facility where the prisoner is being held"). Petitioner has named the City of Twin Falls and the Idaho Department of Correction as Respondents, but Petitioner is actually in the custody of Twin Falls County. Thus, the amended petition is subject to dismissal for this additional reason.

3. **Conclusion**

For the foregoing reasons, Petitioner's habeas claims are subject to summary dismissal.

### ORDER

**IT IS ORDERED:**

1. The amended petition for writ of habeas corpus (Dkt. 6) is DISMISSED without prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: March 16, 2021

B. Lynn Winmill
U.S. District Court Judge